**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARRITTE FUNCHES,
    Petitioner,
vs.
JACK PALMER, *et al.*,
    Respondents.

3:11-cv-00250-RCJ-VPC

**ORDER**

Marritte Funches a Nevada prisoner represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents move to dismiss the petition (ECF No. 6), arguing the expiration of the statute of limitations and lack of exhaustion of the claims. The motion is fully briefed. Based on a full review and consideration of the arguments and evidence presented, the Court concludes that the motion to dismiss shall be granted.

**I.  Procedural History**

Petitioner was convicted on June 5, 1991 on a charge of first degree murder with the use of a deadly weapon and being an ex-felon in possession of a firearm. Resp. Ex. 72.[1] He was sentenced to two consecutive terms of life in prison without the possibility of parole on the murder/weapons charge and to a concurrent six years for the possession of a firearm charge. *Id.*

---

[1] The exhibits referenced in this Order that were provided in support of the motion to dismiss are identified as Resp. Ex. Those exhibits provided by petitioner attached to his petition shall be identified as Petr. Ex.

Petitioner appealed the conviction and on August 28, 1997, the Nevada Supreme Court affirmed raising two grounds for relief. Resp. Ex. 144; *Funches v. State,* 113 Nev. 916, 944 P.2d 775 (1997). A state post conviction petition was filed on July 13, 1998. Resp. Ex. 151. With the assistance of counsel, a supplemental petition was filed and an evidentiary hearing was conducted. Resp. Exs. 155, 163. The petition was denied. Resp. Ex. 77. Petitioner appealed, raising six grounds for relief. Resp. Ex. 178. The lower court's decision was affirmed on November 21, 2003, and remittitur issued on December 16, 2003. Resp. Exs. 201 and 202.

On April 6, 2011, the petitioner filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition raises seven grounds for relief. *Id.* Respondents move to dismiss the petition as untimely and as containing unexhausted claims. ECF No. 6.

## II.   Legal Standard - Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

1                       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

                      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

        The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

        The AEDPA allows for statutory tolling of the limitations period while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000). The triggering date for the commencement of the AEDPA limitations period after completion of post-conviction review is the Nevada Supreme Court's *issuance* of the remittitur, rather than the date it is received in the district court, or filed in the Nevada Supreme Court. *See Gonzales v. State of Nevada*, ___ Nev. ___, 53 P.2d 901, 901-03 (2002); *see also Glauner v. State*, 107 Nev. 482, 813 P.2d 1001 (1991).

    A.     <u>Calculating Petitioner's Time</u>

        Petitioner's conviction became final ninety days after the Nevada Supreme Court entered it order on direct appeal, or on November 26, 1997. *See,* U.S.Sup.Ct. Rule 13.1. The one-yea period commenced the following day and was tolled on July 13, 1998, when petitioner filed his

3

state post-conviction petition, having expired 229 of his 365 days. The limitations clock remained stopped until after the Nevada Supreme Court issued its remittitur on December 16, 2003, after affirming the lower state court's decision. Resp. Ex. 202. From December 17, 2003 until April 6, 2011, petitioner expired a total of 2,668 days. Thus, this federal petition was untimely filed unless petitioner is entitled to equitable tolling of those seven-plus years.

B. <u>Equitable Tolling of the Statute of Limitations</u>

The AEDPA limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. ____, 130 S.Ct. 2549, 2560 (2010); *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288; *see also*, *Pace v. DiGuglielmo,* 544 U.S. 408,418, 125 S.Ct. 1807 (2005). In certain circumstances, the misconduct of counsel can, if sufficiently egregious, justify such tolling. *Holland,* 130 S.Ct. at 2564-65.

Upon issuance of the Nevada Supreme Court's remittitur, petitioner had 136 days remaining on his one-year limitations period, which would expire on April 30, 2004. He did not file his petition until after its expiration on April 6, 2011. Petitioner argues that the statute of limitations should be tolled because of the malfeasance of his retained collateral review counsel, a Daniel C. Furman of New York City, New York and his successor, Alfeza Dilmaghani. The timeline presented by petitioner related to his pursuit of federal review is as follows:

On December 16, 2003, the Nevada Supreme Court issued its remittitur on the order affirming the state district court's denial of his post-conviction petition for writ of habeas corpus. Petr. Ex. D. On January 15, 2004, Mr. Furman's office sent a letter confirming receipt of the retainer check and requesting that he return certain forms signed and notarized before representations would

1  actually commence. Petr. Ex. E.[2] The documents indicate that on February 26, 2004, Furman
2  requested the warden to permit petitioner to call counsel at a toll-free number (Petr. Ex. F) and that
3  absent such permission, telephone communication was impossible because the law firm did not
4  accept collect calls (Petr. Ex. I). Counsel also contacted the offices of petitioner's post-conviction
5  appellate counsel and requested that the entire file be forwarded to the office in New York. Petr. Ex.
6  H. The file was forwarded by Christopher R. Oram's legal assistant on March 15, 2004. *Id.*
7  Petitioner contends, however, that he didn't hear from Furman despite making numerous efforts to
8  contact him regarding the case. *See e.g.,* Petr. Ex. G (two undated letter to counsel seeking
9  communication).

10      On April 16, 2004, attorney Dilmaghani wrote in response to petitioner's letter of
11 April 8, 2004, explaining the status of his case and objecting to the tone of petitioner's inquiries.
12 Petr. Ex. I. On June 17, 2004, Dilmaghani wrote to petitioner and informed him that his ""2255"
13 one-year limitation period had expired long "before [counsel] ever heard of" petitioner. Petr. Ex. I.
14 The letter further advised petitioner that his money would not be refunded as the firm had expended
15 151 hours on his case and if petitioner decided to "cancel the relationship" with the law firm and
16 seek return of his file, the firm would bill his benefactor the balance of $47,850.[3] *Id.* Petitioner
17 contends the firm retained his files and records. Thereafter, petitioner wrote a letter of complaint
18 regarding the firm. Petr. Ex. J.

19      Where equitable tolling is sought, a petitioner seeking tolling bears the burden of
20 showing (1) that he diligently pursued his rights and (2) that an extraordinary circumstance prevented
21 a timely filing. *Holland*, 130 S. Ct. at 2562; *Spitsyn*, 345 F.3d at 799 (citing *Stillman v. LaMarque*,

---

[2] It appears from the exhibits that the forms were never executed or returned to the attorney. *See* e.g., Petr. Ex. E and I.

[3] The records indicate that a Mr. Robert Voelkle actually paid the retainer and was involved in the matter, conferring with the lawyer, presumably on behalf of petitioner.

319 F.3d 1199, 1203 (9th Cir. 2003)). Whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by "decisions made in other similar cases." *Holland*, 130 S. Ct. at 2563; *see also Spitsyn*, 345 F.3d at 799; *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (rejecting argument that lack of access to library materials categorically requires tolling).

In petitioner's case, his efforts culminated, at the latest, in 2007, with the notice from the New York State Commission on Judicial Conduct, although it appears that petitioner's efforts in pursuing his federal petition actually ended sometime in 2004 when he sent the letter of complaint. Thus, while malfeasance of counsel may have accounted for and excused delay up to that point, *see Holland,* 130 S.Ct. at 2560, *but see, Lawrence v. Florida,* 549 U.S. 327, 337, 127 S.Ct. 1079, 1085 (2007) (an attorney's miscalculation of the statute of limitation is not sufficient to warrant equitable tolling), petitioner has not, and apparently cannot, account for any efforts on his part to obtain federal review of his criminal conviction or sentence in the past seven years.

Petitioner's argument on this point is that he was unable to proceed with a petition without having access to his files. Again, assuming without deciding that lack of access to the court record may provide some basis for equitable tolling if petitioner demonstrated efforts on his part to obtain the record from another source or to proceed with a petition in the absence of his record, petitioner makes no such showing. He offers nothing to suggest that he made any efforts to contact the court for documents or made additional attempts to obtain his file from the New York lawyers.

### III. Conclusion

Petitioner is not entitled to equitable tolling of the statute of limitations, particularly from the period of June 2004 to the date he filed his federal petition. Because the petition was filed out of time, the issue of the exhaustion of his claims need not be addressed. The motion to dismiss shall be granted.

In order to proceed with an appeal from this Court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE.** No Certificate of Appealability shall issue.

The Clerk shall enter judgment accordingly.

Dated this 9th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE